**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SAMY G. GHALY,**

              **Plaintiff,**

-vs-                                           **Case No. 6:08-cv-254-Orl-31GJK**

**SECRETARY, DEPARTMENT OF**
**HOMELAND SECURITY, DIRECTOR,**
**UNITED STATES CITIZENSHIP AND**
**IMMIGRATION SERVICES and US**
**ATTORNEY GENERAL,**

              **Defendants.**

## ORDER

This matter comes before the Court on Plaintiff's Reply to the Defendant's Response in Opposition to Motion to Tax Costs (Doc. 18), which the Court construes as a motion for reconsideration of its previous order (Doc. 17) denying the Plaintiff's motion to tax costs. The Plaintiff contends that he is entitled to recover as a prevailing party under the Equal Access to Justice Act, because it was this suit that, in his opinion, goaded the USCIS into acting on his application for citizenship. Even assuming this to be true, it is not enough. The Supreme Court has held that a "prevailing party" for purposes of statutes such as the EAJA must be a party that has obtained *court-ordered* relief, not one that has received relief due to the *voluntary* action of the Defendants – even if the Defendants acted only as a result of the filing of the lawsuit. *See Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health & Human Svcs.*, 532 U.S. 598 (2001). Accordingly, it is hereby

**ORDERED** that Plaintiff's Reply to the Defendant's Response in Opposition to Motion to Tax Costs (Doc. 18), which the Court construes as a motion for reconsideration, is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 28, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party